Submitted February 25, 2014, affirmed May 20, 2015

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

SILAS RICHARD CRISAFI,
*Defendant-Appellant.*

Deschutes County Circuit Court
MI112673; A151013

350 P3d 519

Peter Gartlan, Chief Defender, and Elizabeth G. Daily, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Pamela J. Walsh, Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Nakamoto, Judge, and De Muniz, Senior Judge.

ARMSTRONG, P. J.

## ARMSTRONG, P. J.

Defendant appeals a judgment of conviction for driving under the influence of intoxicants (DUII), ORS 813.010. He contends that the court erred in denying his diversion petition on the ground that he was ineligible to enter the diversion program under ORS 813.215(1)(h), which prohibits a person who holds a commercial driver license (CDL) from entering diversion. Defendant asserts that the Oregon Department of Transportation (ODOT) erred in granting him a CDL and, consequently, that he did not hold a CDL for purposes of ORS 813.215(1)(h) and could enter diversion. We conclude that defendant held a CDL and, hence, that the court did not err in denying defendant's diversion petition.

The relevant facts are procedural and uncontested. The state charged defendant with DUII. Defendant responded by petitioning the trial court to allow him to enter Oregon's statutory DUII diversion program. Under that program, a defendant agrees to plead guilty or no contest to DUII and to participate in a drug and alcohol assessment and treatment program. ORS 813.200(4). If the court allows the petition, the court accepts the guilty or no-contest plea but withholds entry of a judgment of conviction pending completion of the terms of the diversion agreement. ORS 813.230. If the defendant fails to fulfill the diversion agreement, the court will terminate the diversion, enter the guilty or no-contest plea, and sentence the defendant. ORS 813.255. However, the statutory scheme prohibits certain defendants from participating in diversion. As relevant to this case, ORS 813.215(1)(h) prohibits a person from participating in diversion if the person "hold[s] a [CDL] on the date of the commission of the offense."

A person must have a CDL, which in Oregon is issued by ODOT, to operate a commercial motor vehicle. *See* ORS 807.031. However, a driver also needs to have and carry a medical certificate to operate such a vehicle. *See* ORS 807.100. Those are separate requirements. *See State v. Orueta*, 343 Or 118, 123, 164 P3d 267 (2007). The authority that a CDL gives a person to operate a commercial vehicle does not depend on the person having a valid medical certificate. *Id.* (holding that defendant's CDL authorized him

to operate a commercial vehicle "even though the fact that he did not possess a medical certificate disabled him from exercising the authority the license granted").

The trial court held a hearing to determine whether defendant was eligible to enter diversion. The state argued that defendant was ineligible because ODOT had issued a CDL to him that had yet to expire, which, under ORS 813.215(1)(h), precluded him from entering diversion. Defendant testified that he had obtained a valid CDL in 1999 but had soon thereafter stopped using it to drive commercial vehicles. He testified that his medical certificate had expired soon after he had obtained his CDL, and he had not since had a medical certificate. Defendant posited that, because he did not have a medical certificate when he last renewed his CDL, the CDL that ODOT had issued to him was invalid. Consequently, he argued, he did not hold a CDL, and ORS 813.215(1)(h) did not prevent him from entering diversion.

The trial court denied defendant's diversion petition, concluding that, for purposes of ORS 813.215(1)(h), defendant held a CDL and therefore could not enter diversion. Defendant entered a conditional plea of guilty—reserving his right to appeal all issues raised by his diversion petition— and the court accepted the plea and entered a judgment of conviction for DUII. Defendant now appeals, and the parties reprise the arguments that they made to the trial court.

The question that we must resolve is whether a person "holds a [CDL]," as the term is used in ORS 813.215(1)(h), if ODOT renewed the person's CDL when the person did not have a valid medical certificate and, hence, was not eligible to renew his or her CDL. The Supreme Court addressed a similar question in *Orueta*. The state charged the defendant in *Orueta* with DUII, and the defendant applied for diversion. The state objected, asserting that the defendant had a CDL at the time of the offense and, therefore, could not enter diversion. The defendant argued that ORS 813.215(1)(h) did not preclude him from entering diversion because he "had no intent[ion] to drive a commercial vehicle." *Orueta*, 343 Or at 121. The trial court agreed with the defendant and allowed him to enter diversion. The state petitioned for a writ of mandamus, which the Supreme Court granted. The

Supreme Court ultimately concluded that the defendant was ineligible for diversion because

> "the fact that a person may not have a medical certificate in his or her immediate possession does not mean he or she does not hold a commercial driver's license. Put differently, the 'license [that defendant had] authorize[d him] to drive a commercial motor vehicle,' *see* ORS 801.207 (defining commercial driver's license), even though the fact that he did not possess a medical certificate disabled him from exercising the authority that the license granted."

*Id.* at 123 (footnote omitted). In essence, the Supreme Court concluded that a defendant who has a CDL but lacks the medical certificate required to allow the defendant to operate a commercial vehicle is precluded by ORS 813.215(1)(h) from entering diversion.

Defendant argues that his case is distinguishable from *Orueta* because the legislature subsequently amended the applicable statute. *Orueta* involved a version of the statute that allowed a defendant to enter diversion if the "defendant did not *have* a [CDL] at the time of the offense," ORS 813.215(7) (2005) (emphasis added). The legislature amended the statute in 2007 by replacing the verb "have" with the verb "hold." *See* Or Laws 2007, ch 122, § 11. Defendant argues that the former statutory text—"have a [CDL]"—implies physical possession while the current version—"hold a [CDL]"—implies legal authority or power such that a person who erroneously obtains a CDL should be understood to lack the legal authority to use it.

We are not persuaded by defendant's argument because it ignores that the term "hold a [CDL]," as used in ORS 813.215(1)(h), is defined by ORS 801.307. ORS 801.307 provides:

> "'Holds a commercial driver license' means a person holds a commercial driver license *issued* by the Department of Transportation or the licensing agency of another jurisdiction that is:
>
> "(1)  Not expired or if expired, expired less than one year; or
>
> "(2)  Suspended, but not canceled or revoked."

(Emphasis added.) Under that definition, a person who has an unexpired CDL that was issued by ODOT holds a CDL. Simply put, ORS 801.307 does not distinguish between properly and improperly issued licenses. A CDL that has been improperly issued may be subject to cancelation. *See* ORS 809.310(1).[1] However, until that occurs, a person to whom ODOT has improperly issued a CDL still holds it under ORS 813.215(1)(h). In sum, we conclude that a person holds a CDL under ORS 813.215(1)(h) if ODOT or the licensing agency of another jurisdiction has issued the person a CDL and the CDL has not been expired for a year or more or been cancelled or revoked.

The legislative history confirms that understanding. At the time that the Supreme Court decided *Orueta*, there was no statute defining what it meant to "have" a CDL. As previously noted, the legislature amended the statute in 2007 to replace the verb "have" with "hold." It simultaneously defined the term "holds a [CDL]" by adopting ORS 801.307. *See* Or Laws 2007, ch 122, § 3. The original version of ORS 801.307 stated that, to hold a CDL, the CDL had to be valid. *See id.* Two years later, the legislature amended ORS 801.307 by enacting Senate Bill 129 (2009). The 2009 amendment, which was introduced by the Governor's office on behalf of ODOT, deleted the word "valid" from the definition and modified the wording on expired licenses. *See* Or Laws 2009, ch 395, § 5. By eliminating the requirement that a CDL has to be valid for the person to whom it is issued to be someone who holds it under ORS 813.215(1)(h), the legislature made it clear that a CDL need not be valid for it to be held by the person to whom it was issued.

Here, it is undisputed that ODOT had issued a CDL to defendant, and the CDL had not expired or been canceled or revoked. Hence, ORS 813.215(1)(h) disqualified defendant from participating in the diversion program, as the trial court correctly concluded.

Affirmed.

---

[1] To cancel an improperly issued license, ODOT must follow the procedures that the legislature has established to do that, which include giving notice to the affected party, ORS 809.430, and conducting a hearing, ORS 809.440.